## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 21 2020, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David J. Cutshaw
Gabriel A. Hawkins
Cohen & Malad, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Karl L. Mulvaney
Margaret M. Christensen
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

Peter H. Pogue
Beth A. Behrens
Schultz & Pogue, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Morgen R. Bosler,

*Appellant-Plaintiff,*

v.

John Goldenberg, M.D., and
Otolaryngology Associates,
LLC,

*Appellees-Defendants.*

January 21, 2020

Court of Appeals Case No.
19A-CT-612

Appeal from the Marion Superior
Court

The Honorable Michael D. Keele,
Judge

Trial Court Cause No.
49D07-1707-CT-27075

**Najam, Judge.**

# Statement of the Case

Morgen R. Bosler appeals the trial court's judgment entered after a jury verdict in favor of John Goldenberg, M.D. and Otolaryngology Associates, LLC (collectively "Dr. Goldenberg") on Bosler's complaint alleging medical malpractice for having misdiagnosed her and having performed unnecessary sinus surgeries. On appeal Bosler claims to have been ambushed by the trial deposition testimony of an expert witness. The question presented is whether the trial court abused its discretion when it denied her motion to exclude the challenged testimony. Finding no error, we affirm.

# Facts and Procedural History

In February 2013, Bosler sought treatment at a Walgreen's Healthcare Clinic for acute sinusitis. She was given a prescription for antibiotics, and she was instructed to take over-the-counter decongestants and to use a Neti pot. On March 18, Bosler sought further treatment with her personal physician, Dr. Robert Evard, who diagnosed her with acute sinusitis. Dr. Evard prescribed a two-week course of a different antibiotic. On April 1, Dr. Evard found that Bosler's sinusitis had not improved, and he prescribed a ten-day course of a third antibiotic. Dr. Evard also ordered a CT scan of Bosler's sinuses. After Dr. Evard reviewed the CT scan, he prescribed yet another round of antibiotics. And on April 12, Dr. Evard prescribed a steroid nasal spray and a saline nasal spray. Dr. Evard also referred Bosler to Dr. Goldenberg, an ear, nose, and throat ("ENT") specialist.

[3] On April 15, Bosler first saw Dr. Goldenberg, and she told him that she had "been on 4 rounds of antibiotics, steroids, [and] nasal steroid sprays and inhalers." Tr. Vol. 6 at 97. Dr. Goldenberg discussed with Bosler her continued symptoms, and he reviewed her CT scan. Dr. Goldenberg then talked to Bosler about the possibility of trying Functional Endoscopic Sinus Surgery ("FESS"), and Bosler agreed to try the surgery. Dr. Goldenberg performed the FESS on May 1, and, on September 6, he performed another surgery on Bosler. Despite the surgeries, Bosler's symptoms continued.

[4] On October 30, 2014, Bosler filed a proposed complaint alleging medical malpractice against Dr. Goldenberg with the Indiana Department of Insurance. Bosler alleged that Dr. Goldenberg had misdiagnosed her as having chronic rhinosinusitis ("CRS") and performed unnecessary surgeries. A unanimous medical review panel issued an opinion in Dr. Goldenberg's favor.

[5] On December 4, 2017, Dr. Goldenberg named Dr. James Stankiewicz as an expert witness, and Bosler deposed Dr. Stankiewicz on August 15, 2018 ("discovery deposition"). Thereafter, Dr. Goldenberg gave Dr. Stankiewicz the depositions of several witnesses to review, namely, Bosler; Bosler's expert witness, Dr. Victor Mokarry; Dr. Robert Youkilis; Dr. Stephen McTigue; and Dr. Kyle Loy. And on October 4, Dr. Goldenberg supplemented his answers to interrogatories.

[6] The court set the trial for February 26, 2019. Dr. Stankiewicz was unavailable to testify in person during the trial, so, on January 29, Dr. Goldenberg took his

trial deposition ("trial deposition"). On February 5, Dr. Goldenberg filed a motion to separate witnesses at trial, which also "preclude[d] any expert witness to be called to testify from reviewing the preserved testimony of any other witness." Appellant's App. Vol. 2 at 50. The trial court granted that motion.

[7] On February 13, Bosler filed a "Motion to Bar Testimony of Defendants' Expert, James Stankiewicz, M.D., or Alternatively, to Limit and Strike Portions of the Testimony of Stankiewicz and Exclude Plaintiff's Expert Victor P. Mokarry, M.D. from Order for Separation of Witnesses." *Id.* at 52. Bosler alleged that, in his trial deposition, Dr. Stankiewicz had changed his testimony in several respects from his discovery deposition. Bosler asserted that, without permitting her expert witness to review the new testimony, she would be unable to prepare adequately for trial. And Bosler argued that Dr. Goldenberg had violated Indiana Trial Rule 26(E) when he did not supplement his discovery responses to reflect Dr. Stankiewicz' changed testimony. The trial court denied Bosler's motion. At the conclusion of a six-day trial, a jury found in favor of Dr. Goldenberg, and the trial court entered judgment accordingly. This appeal ensued.

## Discussion and Decision

### *Overview*

[8] Bosler contends that the trial court abused its discretion when it denied her motion to exclude portions of Dr. Stankiewicz' trial deposition. The decision to

admit or exclude evidence lies within the sound discretion of the trial court, and we will not disturb the trial court's decision absent a showing of an abuse of that discretion. *Oaks v. Chamberlain*, 76 N.E.3d 941, 946 (Ind. Ct. App. 2017). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

[9] Bosler contends that Dr. Stankiewicz proffered new opinions in his trial deposition and that she was prejudiced by the admission of that testimony. In particular, Bosler maintains that Dr. Goldenberg violated Indiana Trial Rule 26(E), which provides in relevant part that a party is under a duty to supplement his response with respect to any question directly addressed to the substance of an expert witness' testimony. Bosler asserts that Dr. Goldenberg was required to notify her of changes in Dr. Stankiewicz' testimony and failed to do so. Bosler contends that, as a result, "Bosler's expert had no opportunity to respond" to the changed testimony, and Bosler was not able to prepare adequately for trial. Appellant's Br. at 13.

[10] Bosler sets out five instances of Dr. Stankiewicz' alleged changed testimony, which we restate as follows:

> 1. In his discovery deposition, Dr. Stankiewicz testified that "the surgery that would be planned in this circumstance would be an ethmoidectomy, maybe a partial ethmoidectomy, and opening the natural drainage to the maxillary sinuses." Appellant's App. Vol. 2 at 100. But, in his trial deposition, Dr. Stankiewicz testified that he was "changing" his testimony on this issue. Tr.

Vol. 6 at 57. He stated that the type of surgery he would have performed would "depend[] on what [he saw] in surgery." *Id.*

2. In his discovery deposition, Dr. Stankiewicz testified that Bosler's symptoms post-surgeries were "related" to the surgeries performed by Dr. Goldenberg. Appellant's Br. at 10. In his trial deposition, when asked whether he would "stand by that testimony," Dr. Stankiewicz testified that he was "changing it." *Id.* at 11.

3. In his discovery deposition, Dr. Stankiewicz testified that he did not consider Bosler's pre-surgery sinusitis "significant." Appellant's App. Vol. 2 at 98. But Dr. Stankiewicz changed his testimony in his trial deposition.

4. In his discovery deposition, Dr. Stankiewicz testified that "optimal medical therapy" for CRS included a course of antibiotics and four weeks of nasal decongestants. *Id.* at 81. In his trial deposition, Dr. Stankiewicz testified that "optimal or maximal medical therapy is whatever you want it to be." Tr. Vol. 5 at 185.

5. At the time of his discovery deposition, Dr. Stankiewicz had not yet reviewed Dr. Youkilis' deposition testimony, and Dr. Stankiewicz did not disclose any opinion about whether Dr. Youkilis' records had indicated that Bosler had empty nose syndrome. In his trial deposition, Dr. Stankiewicz testified that Dr. Youkilis' records did not indicate that Bosler had any symptoms of empty nose syndrome.

We address each alleged instance of Dr. Stankiewicz' changed testimony in turn.

### *Type of Surgery to Perform*

[11]     With respect to her first allegation, that Dr. Stankiewicz changed his testimony regarding the type of surgery he would have performed, Bosler mischaracterizes Dr. Stankiewicz' discovery deposition testimony by taking it out of context. In his discovery deposition, Dr. Stankiewicz was asked to explain why he would have performed surgery on Bosler, and he responded as follows:

> She's got ethmoid sinus disease. . . . [An ethmoidectomy is] indicated as far as—if this patient had—at a theoretical [sic], had everything that we have talked about with maximal medical therapy, endoscopy, *the surgery that would be planned in this circumstance would be an ethmoidectomy*, maybe a partial ethmoidectomy, . . . and that's part and process of what you do.
>
> * * *
>
> On top of that, if you go in and it's three weeks later and there's a whole bunch more swelling and disease present, then you attend to those sinuses as you need to—to do so. *So that's a judgment call at the time of surgery*.

Appellant's App. Vol. 2 at 100 (emphases added). And in his trial deposition, Dr. Stankiewicz testified that he would have gone into surgery "planning" to perform a partial ethmoidectomy, but that the actual surgery he would perform was "totally dependent upon what [he] saw at surgery." Tr. Vol. 6 at 56.

[12]     Thus, contrary to Bosler's assertion on appeal, Dr. Stankiewicz' testimony in both depositions was that he would have planned on one procedure but that that procedure was subject to change based on what he saw. While Dr.

Stankiewicz did state in his trial deposition that he was "changing" his opinion on this question, he was clearly mistaken. He only said that because Bosler's counsel read an out-of-context excerpt from his discovery deposition and asked him whether he was going to "stick with that testimony" or "change it." *Id.* at 57. Because Dr. Stankiewicz did not, in fact, change his testimony, Bosler cannot show that she was prejudiced thereby.

## *Bosler's Symptoms Post-surgeries*

[13] In support of this contention on appeal, Bosler excerpts a portion of Dr. Stankiewicz' trial deposition where he stated that he was "changing" his opinion on whether Bosler's symptoms post-surgery were related to her surgeries. Appellant's Br. at 11. But Bosler's argument fails for two reasons. First, Bosler cites to a page of the transcript that does not include the alleged testimony. Second, and moreover, Bosler simply asserts, without any explanation or citation to the record, that Dr. Stankiewicz' testimony changed when he gave his trial deposition. Accordingly, Bosler has not demonstrated that she was prejudiced by this alleged changed testimony.

## *Significant Disease*

[14] Bosler also contends that Dr. Stankiewicz changed his testimony regarding whether her sinusitis was "significant." In support of this contention on appeal, Bosler excerpts portions of Dr. Stankiewicz' testimony from both his discovery and trial depositions that are entirely consistent and show no changed opinion regarding the significance of Bosler's pre-surgery disease. For the first time in

her reply brief, Bosler cites to a portion of Dr. Stankiewicz' trial deposition purporting to show a changed opinion. The law is well settled that grounds for error may only be framed in an appellant's initial brief and, if addressed for the first time in the reply brief, they are waived. *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968 977 (Ind. 2005). Because she raised this purported change for the first time in her reply brief, which deprived Dr. Goldenberg of an opportunity to respond to it, Bosler has waived this issue for our review.

### *Optimal Medical Therapy*

[15] In support of her contention that Dr. Stankiewicz changed his testimony regarding optimal medical therapy in this case, Bosler again misconstrues Dr. Stankiewicz' discovery deposition testimony by taking it out of context. In his discovery deposition, Dr. Stankiewicz was questioned about a textbook he had written and whether he stood by his opinion in that textbook that "[c]urrent optimal medical therapy includes at least a four-week course of antibiotics, nasal decongestants, topical nasal steroids, and, possibly, systemic steroids." Appellant's App. Vol. 2 at 81. In that deposition, Dr. Stankiewicz acknowledged that he agreed that the "optimal medical therapy" for CRS included "a course of antibiotics" and "a four-week course of nasal decongestants" and topical steroids. *Id.* at 81. However, he also testified that "the whole question of what is optimal medical therapy is basically on a guideline and is *left up to the practitioner* as far as how they want to approach that." *Id.* at 80 (emphasis added). Accordingly, Dr. Stankiewicz' trial deposition testimony stating that "optimal or maximized medical therapy is

whatever [the physician] wants it to be" was not changed testimony, and Bosler

has not shown that she was prejudiced thereby. Tr. Vol. 5 at 185.

### *Empty Nose Syndrome*

[16] Finally, at the time of Dr. Stankiewicz' discovery deposition, he had not yet

reviewed Dr. Youkilis' deposition testimony, so Dr. Stankiewicz did not have

an opinion whether Dr. Youkilis' records indicated that Bosler had empty nose

syndrome. However, Dr. Stankiewicz was asked whether he had "any basis to

disagree with Dr. Youkilis' diagnosis" of empty nose syndrome, and he

explained his reasons for "question[ing]" that diagnosis. Appellant's App. Vol.

2 at 91. Dr. Stankiewicz testified further that it was unlikely that Bosler had

empty nose syndrome because "the criteria for [empty] nose [syndrome] in her

circumstance [was] inapplicable . . . because her inferior turbinates were intact."

*Id.* In his trial deposition, Dr. Stankiewicz testified that he did not "notice"

anything in Dr. Youkilis' records to indicate that Bosler had symptoms of

empty nose syndrome. Tr. Vol. 6 at 70. Bosler contends that that opinion

given at trial prejudiced her because her expert "had no opportunity to

respond." Appellant's Br. at 13. We cannot agree.

[17] Bosler has not demonstrated that her ability to prepare her expert witness for

trial was negatively impacted by Dr. Stankiewicz' failure to disclose his

opinions regarding Dr. Youkilis' records prior to his trial deposition. First, Dr.

Stankiewicz was clear in his discovery deposition that he disagreed with Dr.

Youkilis and did not think that Bosler had empty nose syndrome. Bosler does

not explain why Dr. Stankiewicz' subsequent confirmation of that opinion after

reviewing Dr. Youkilis' records required any change in her trial preparation. Second, even Dr. Youkilis testified that, while his "impression" was that Bosler had empty nose syndrome, that was only a "possible diagnosis" and he could not "tell [Bosler] exactly what was wrong." Tr. Vol. 5 at 158. Dr. Youkilis testified further that he did not have "a definitive diagnosis of anything" for Bosler. *Id.* at 159. Given Dr. Youkilis' testimony, Bosler cannot show that she was prejudiced by Dr. Stankiewicz' trial deposition testimony because it was consistent with his discovery deposition testimony. Indeed, Bosler does not explain how her expert witness would have prepared differently for trial if he had been apprised of Dr. Stankiewicz' trial deposition testimony.

## *Conclusion*

[18]    Bosler does not direct us to anything in the record to support her contentions that Dr. Stankiewicz changed his opinions with regard to four of the five instances she alleges in her brief on appeal. And with regard to the alleged fifth instance, Dr. Stankiewicz' trial testimony that Dr. Youkilis' records did not show that Bosler had empty nose syndrome is consistent both with Dr. Stankiewicz' discovery deposition testimony and with Dr. Youkilis' own testimony. Bosler's appeal rests upon the premise that Dr. Stankiewicz changed his opinion between his discovery deposition and trial deposition and that the alleged changes were substantial and material. We conclude that there was no material change in Dr. Stankiewicz' testimony that could have affected Bosler's substantial rights. *See* Ind. Appellate Rule 66. Bosler has not shown that she was prejudiced by the trial court's admission of Dr. Stankiewicz' trial

deposition testimony. Thus, we hold that the trial court did not abuse its discretion when it denied Bosler's motion to exclude the challenged testimony.

[19]    Affirmed.

Vaidik, J., and Tavitas, J., concur.